UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| ONE HUNDRED NINETY-FOUR THOUSAND, | ) |
| ONE HUNDRED TWENTY-ONE DOLLARS IN | ) |
| U.S. CURRENCY ($194,121.00), | ) |
| | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT OF FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant Title 21, United States Code, Section 881(a)(6).

2. The defendant property was seized by law enforcement on or about March 27, 2024, and is described more fully as one hundred ninety-four thousand, one hundred twenty-one dollars in U.S. currency ($194,121.00) (the "defendant property").

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

1

4. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri. Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

## FACTS GIVING RISE TO THE FORFEITURE

6. A'Shontyn Watts ("Watts") is a resident of St. Louis, Missouri.

7. Watts has prior arrests and convictions related to narcotics possession and distribution, firearm violations, theft and assault.

8. On or about February 7, 2024, law enforcement officers in Gwinnett County, Georgia, submitted an arrest warrant for Watts based on the offenses of marijuana trafficking, possession of controlled substances and use of drug related objects.

9. On January 24, 2024, law enforcement officers in Georgia executed a search warrant where Watts was residing with a family member and seized approximately 43 pounds of marijuana and $27,377.00 U.S. currency.

10. On March 27, 2024, United States Marshals and officers from the St. Louis County Police Department executed the Georgia arrest warrant at Watts' apartment in St. Louis, Missouri,

2

located in the Eastern District of Missouri.

11. Officers discovered Watts and two other individuals inside the apartment, and arrested Watts.

12. During a protective sweep of the apartment, officers observed numerous items that are commonly used in drug trafficking, including vacuum seal bags, U.S. currency, a money counter, a safe, a scale, a vacuum sealer, multiple firearms, and ammunition.

13. During his arrest, Watts requested that officers provide him with specific items from inside the residence, including earrings, a necklace and vehicle keys. Officers provided those items to the other individuals who were released.

14. Watts did not provide consent to search his apartment.

15. Later that day, officers sought and received a state search warrant for Watts' apartment.

16. Officers executed the state search warrant and seized the defendant property, four firearms, two money counters, two cell phones and a vacuum sealer with vacuum seal bags.

17. The Missouri Department of Labor employment database reports no results for Watts.

## COUNT ONE – FORFEITURE
## 21 U.S.C. § 881(a)(6)

18. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 17 above as if fully set forth herein.

19. The defendant property is bulk U.S. currency that was discovered by law enforcement officers in a manner that is consistent with drug trafficking. Watts has a criminal history related to narcotics possession and distribution.

20. Based on the foregoing, the defendant currency is subject to forfeiture pursuant to

Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

**PRAYER FOR RELIEF**

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant currency and the defendant currency be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*/s/ Kyle T. Bateman*
KYLE T. BATEMAN, #996646DC
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

## **VERIFICATION**

I, William A. Meyers, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Federal Bureau of Investigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __1/3/2025__
                    (date)

_____
William A. Meyers
Special Agent
Federal Bureau of Investigation